UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

                               Case No.: 21-12570

v.                                Hon. Gershwin A. Drain

JAMES J. KELLY, JR.,

          Defendant.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STAY AND FOR WAIVER [#66], GRANTING PLAINTIFF'S MOTION FOR ORDER TO REPATRIATE FUNDS [#69] AND ORDERING THE CLERK TO ISSUE ATTACHED NOTICE BY SIGNING IT AND AFFIXING THE COURT SEAL IN THE SAME MANNER AS WITH A SUMMONS AND CANCELLING OCTOBER 25, 2023 HEARING

### I.    INTRODUCTION

On May 2, 2023, this Court entered judgment in favor of the Plaintiff United States and against Defendant James J. Kelly on Count I of the Amended Complaint in the amount of $929,904.94, plus statutory additions from and after October 26, 2022. On May 30, 2023, Defendant Kelly filed a Notice of Appeal.

Now before the Court is the Defendant's Motion to Stay Execution of the Judgment and Waiver of Bond, filed on May 31, 2023. Plaintiff filed a Response

opposing Defendant's Motion for Stay and Waiver on June 14, 2023.  Defendant

failed to file a Reply in support of his motion and the time for doing so has

expired.  Additionally, before the Court is the Plaintiff's Motion for an Order to

Repatriate Foreign Assets, filed on July 10, 2023.  Defendant filed a Response

opposing the Government's Motion on July 31, 2023, and the Government filed a

Reply in support of its motion on August 7, 2023.

Upon review of the parties' filings and the relevant authority, the Court

concludes that oral argument will not aid in the disposition of these matters.

Accordingly, the Court will resolve the pending motions on the briefs and will

cancel the hearing.  *See* E.D. Mich. L.R. 7.1(f)(2).  For the reasons that follow, the

Court grants in part and denies in part Defendant's Motion for Stay and Waiver of

Bond, and grants Plaintiff's Motion for an Order to Repatriate Foreign Assets.

## II.    FACTUAL BACKGROUND

The factual background of this matter has been described in this Court's

May 2, 2023 Amended Opinion and Order Granting the Plaintiff United States'

Motion for Summary Judgment and Denying Defendant Kelly's Motion for

Summary Judgment.  *See* ECF No. 60.  The gist of the matter involves Defendant

James J. Kelly's willful failure to file a Report of Foreign Bank and Financial

Accounts (hereinafter "FBAR") for the years 2013, 2014, and 2015 as required by

31 U.S.C. § 5314.  Specifically, the Court's May 2, 2023 Opinion and Order

concluded that Defendant Kelly's actual knowledge of the FBAR reporting requirement coupled with his pattern of deceitful conduct demonstrated that his failure to timely file his 2013 FBAR, and his failure to file the 2014 and 2015 FBARs was knowing and intentional, and thus willful. Additionally, finding no just reason for delay, the Court entered judgment in the amount of $929,904.94 for Defendant's willful violation of his reporting obligations under Section 5314.

## III.   LAW & ANALYSIS

### A.  Defendant's Motion for Stay and Waiver of Bond

#### 1.  Standard of Review

Under Rule 62(b) of the Federal Rules of Civil Procedure, a litigant may obtain a stay of execution of a judgment pending appeal "by providing a bond or other security." Fed. R. Civ. P. 62(b). When a supersedeas bond is posted and approved by the court, a stay of monetary judgment issues as a matter of right. *Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003).

But "[u]nder appropriate circumstances, courts may exercise their discretion to dispense with the bond requirement when granting a stay of a monetary judgment." *Gould Elecs. Inc. v. Livingston Cnty. Rd. Comm'n*, No. 17-11130, 2021 WL 1526277, at *2 (E.D. Mich. Apr. 19, 2021). While there is a presumption that a supersedeas bond is "almost always" required, the *Arban* court held that waiver of the bond requirement is appropriate where the court is confident that the

judgment debtor has adequate financial resources to satisfy the judgment. *Arban*, 345 F.3d at 409.    While the Sixth Circuit Court of Appeals has not set forth a specific test guiding the analysis of whether an unsecured stay is appropriate, courts in this district have found that waiver is warranted "[w]here the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money;" or "[w]here the requirement would put the defendant's other creditors in undue jeopardy." *Hamlin v. Charter Twp. of Flint*, 181 F.R.D. 348, 351 (E.D. Mich. 1998) (quoting *Olympia Equipment Leasing Co. v. W. Union Telegraph Co*., 786 F.2d 794, 796 (7th Cir. 1986)).  "The party seeking a waiver of the bond requirement bears the burden of demonstrating that the judgment is not at risk." *Gould*, 2021 WL 1526277, at *2 (citing *Hamlin*, 181 F.R.D. at 353).

## 2. Waiver of the Bond Requirement

 In support of his request to stay enforcement of the judgment pending his appeal, Defendant Kelly argues that the requirement of a supersedeas bond should be waived.  He asserts the existing Stipulated Preliminary Injunction requiring that he maintain a sum certain in his foreign bank account ("Sora Account"), located in Liechtenstein, provides sufficient security for the Government.

The Government counters that the Stipulated Preliminary Injunction does not protect the Government's ability to collect the judgment because the bank is in the process of a voluntary liquidation, and Defendant Kelly does not earn sufficient

income to satisfy the judgment.  Moreover, the Government points to the fact the FBAR judgment continues to accrue post-judgment interest and penalties at a rate such that the Government is no longer protected by the Stipulated Preliminary Injunction as of July 2023.

Notwithstanding the Stipulated Preliminary Injunction, Defendant Kelly has not met his burden establishing his ability to satisfy the judgment.  "[C]ourts have generally required the appellant to present 'a financially secure plan for maintaining that same degree of solvency during the period of appeal.'"  *Hamlin*, 181 F.R.D. at 353 (quoting *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190 (5th Cir. 1979)).  *See Contract Design Group, Inc. v. Wayne State Univ.*, No. 10-cv-14702, 2014 U.S. Dist. LEXIS 148859, at *2-3 (E.D. Mich. Oct. 20, 2014)(noting that the defendant university presented evidence that it had over $183 million in unrestricted funds available to satisfy the judgment and would "be able to maintain the same degree of solvency during the period of appeal."), *Arban*, 345 F.3d at 409 (affirming district court's waiver of a supersedeas bond given the "vast disparity" between the $225,000 judgment and the appellant's revenues of nearly $2.5 billion).

As of July 31, 2023, the balance of the judgment already totals more than $979,264.10, with additional post-judgment interest and penalties accruing daily. The Stipulated Preliminary Injunction requires Defendant to maintain $975,631.08

in his offshore account.  Thus, at this juncture, the Government is already

undersecured and will be severely undersecured by the end of this year.

Additionally, according to IRS records, Defendant earned annual income of

$27,275 and $26,039 for the tax years 2021 and 2022, respectively.  *See* ECF No.

68, PageID.968.

Moreover, Sora Bank is now undergoing a voluntary liquidation after its

banking license lapsed after efforts to restore profitability failed.  *Id.,* PageID.961.

Thus, should something happen to Defendant's funds during the liquidation

process, Defendant lacks other income to preserve the Government's ability to

collect its judgment if Defendant's appeal fails.

Unlike the Defendants in *Contract Design* and *Arban*, Defendant Kelly has

not presented an adequate plan for maintaining the same degree of solvency during

the period of appeal.  *Contract Design Group,* 2014 U.S. Dist. LEXIS 148859, at

*2-3, *Arban*, 345 F.3d at 409.  Given the uncertainty surrounding his overseas

account and his lack of sufficient income to preserve the Government's ability to

collect its judgment, coupled with the fact the Stipulated Preliminary Injunction

requires Defendant to maintain less than amount of the judgment, Defendant's

request to waive the bond requirement will be denied.

While Defendant Kelly is not entitled to waiver of the bond requirement, he

would be entitled to a stay of the judgment as a matter of right once the Court

approves a supersedeas bond.  *See Arban*, 345 F.3d at 409.  As such, any motion for approval of the supersedeas bond shall be filed <u>no later than November 15, 2023</u>.  If Defendant  Kelly declines to move for approval of a supersedeas bond, his request for a stay will be denied.

### B. Plaintiff's Motion for an Order to Repatriate Foreign Assets

Pursuant to 28 U.S.C. § 3202(a), which incorporates 28 U.S.C. § 1651(a), the Government seeks entry of an order requiring Defendant Kelly to repatriate all foreign assets up to the amount that he owes under the Judgment, plus the 10% surcharge under 28 U.S.C. § 3011, particularly as to funds from his Sora Bank account.  The Government requests that Defendant Kelly repatriate these funds to a U.S.-based bank account in the State of Michigan to enable the United States to utilize collection tools of the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001-3308.  Because Defendant Kelly has previously liquidated the bulk of his domestic assets,[1] he has rendered himself domestically judgment proof, jeopardizing the Government's ability to use the FDCPA's enforcement tools to execute, garnish, or levy upon the assets Defendant has placed offshore.

---

[1] Defendant maintains two domestic bank accounts at Huntington National Bank. His account ending in 0456 had a balance of $35,89 at the end of July 2022, and his account ending in 5446 had $822.51 as of July 2022.  *See* ECF No. 69, PageID.1033-1039.

### 1.   The FDCPA

The remedies listed in the FDCPA are the "exclusive civil procedures" for the United States to recover on judgment debts owed to the United States. *See* 28 U.S.C. § 3001(a); *United States v. Coluccio*, 19 F.3d 1115, 1116 (6th Cir. 1994). Under Section 3202 of the FDCPA, the Court may enforce a judgment by the enumerated remedies listed in Subchapter C (§§ 3201-3206).  In support of these remedies, the United States may also avail itself of any writ that a district court may issue under the All Writs Act, 28 U.S.C. § 1651. *See* 28 U.S.C. § 3202(a).

One such remedy is the writ of garnishment. Pursuant to 28 U.S.C. § 3205, property in which the judgment debtor has a substantial non-exempt interest that is in the custody of another person is subject to a writ of garnishment. 28 U.S.C. § 3205; *United States v. Daneshvar*, 21-51623, 2022 WL 17826499, at *2 (E.D. Mich. Aug. 9, 2022) ("The United States may satisfy a judgment by issuing a 'writ of garnishment against property . . . in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor.'"); *see also United States v. Sawaf*, 74 F.3d 119, 122 (6th Cir. 1996). When served with a writ of garnishment, the holder of the property generally must turn it over to the United States for satisfaction of the judgment debt. 28 U.S.C. § 3205(c)(7) (requiring the Court to enter a disposition order "promptly" if the garnishee does not request a hearing or within 5 days of holding

a requested hearing); *United States v. Gorshe*, No. 1:20-MC-00042-BAM, 2020

WL 5905358, at *2 (E.D. Cal. Oct. 6, 2020), adopted by No. 1:20-MC-00042,

2020 WL 6392581 (E.D. Cal. Nov. 2, 2020) (granting United States' request for

garnishment and directing payment upon a finding the judgment debtor's "interest

in the bank accounts in the custody of the Garnishee are property as defined under

the FDCPA and are therefore subject to garnishment"); *United States v. Diaz*

*Landa*, No. 1:18-mc-00020-DAD-BAM, 2019 WL 3026993, at *2 (E.D. Cal. July

11, 2019) ("Pursuant to 28 U.S.C. § 3205(c)(7), as no hearing was requested

during the applicable time period, the Court must enter an order directing the

Garnishee as to the disposition of the bank accounts.").  Under the FDCPA,

property "includes any present or future interest … wherever located and however

held (including community property and property held in trust (including

spendthrift and pension trusts))[.]"  28 U.S.C. § 3002(12).

Thus, any assets that Kelly owns in the State of Michigan would be subject

to execution or garnishment were the United States to apply to this Court for the

appropriate writ or order under the FDCPA. But, any collection from Defendant

Kelly is currently futile because, aside from the de minimis amounts deposited at

Huntington National Bank, Kelly has no domestic assets,[2] and he earns insufficient annual income to satisfy the Final Judgment.

### 2. Authority to Repatriate Funds

A district court has inherent authority to ensure that prevailing parties can enforce money judgments in their favor. *See, e.g., Pfizer, Inc. v. Uprichard*, 422 F.3d 124, 131 (3d Cir. 2005). Under Section 3202 of the FDCPA, the Court "may issue other writs pursuant to section 1651 of title 28, United States Code [the "All Writs Act"], as necessary to support such remedies" available under the Federal Debt Collection Procedures Act. 28 U.S.C. § 3202(a). The All Writs Act provides that a court "may issue all writs necessary or appropriate in aid of their … jurisdiction[s]." 28 U.S.C. § 1651(a). That includes the power to order judgment debtors to repatriate foreign assets. *United States v. Schwarzbaum*, No. 9:18-cv-81147, 2021 WL 4958307, *6 (S.D. Fla. Oct. 26, 2021)(adopting the magistrate judge's Report and Recommendation granting the government's Motion to Repatriate Foreign Assets to collect FBAR judgment); *United States v. McNulty*, 446 F. Supp. 90, 92 (N.D. Cal. 1978).

Indeed, "there appears to be little hesitation on the part of courts to issue such orders." *McNulty*, 446 F. Supp. At 92. Courts have routinely ordered

---

[2] In response to the United States' Interrogatory 10, Kelly only identified the Huntington National Bank account and did not identify any valuable personal property or real property that the government could sell. *See* ECF No. 69, PageID.1028.

repatriation of foreign assets where a judgment debtor maintains large amounts of money or assets abroad and insufficient money or assets within the United States to satisfy the judgment.  For example, in *United States v. Ross*, the district court ordered a taxpayer to transfer stock certificates to the court-appointed receiver in a lien enforcement action brought under 26 U.S.C. § 7402.  *United States v. Ross*, 196 F. Supp. 243 (S.D.N.Y. 1961), aff'd, 302 F.2d 831 (2d Cir. 1962).  In so ruling, the court held that "[o]nly for the most compelling reasons should a court refuse relief to the Government where a citizen of the United States keeps most of his assets in a foreign country and claims that they are immune from application to his income tax liability because of their situs in a foreign country . . . ."  *Ross*, 196 F. Supp. at 245-46.  In affirming the decision of the district court, the Second Circuit observed that "[p]ersonal jurisdiction gave the court power to order Ross to transfer property whether that property was within or without the limits of the court's territorial jurisdiction."  *Ross*, 302 F.2d at 834; *see also Sec. Exch. Comm'n v. Aragon Cap. Advisors, LLC*, No. 07-919-FM, 2011 WL 3278907, at *9 (S.D.N.Y. July 26, 2011) (repatriation order "reasonable and appropriate to ensure that [the judgment debtor's] assets can be brought under the Court's control" absent "any showing that [the judgment debtor's] liquid assets are sufficient to satisfy the Final Judgment.").

Courts consistently grant motions for repatriation upon a showing that a substantial liability exists and the judgment debtor lacks sufficient domestic assets to satisfy the judgment. *See, e.g., McNulty*, 446 F. Supp. at 90 (defendant ordered to repatriate lottery winnings held in a secret account on the Island of Jersey where he had no other known funds with which to satisfy the judgment); *Lawrence v. Goldberg (In re Lawrence)*, 279 F.3d 1294, 1298 (11th Cir. 2002) (affirming contempt order when debtor refused to repatriate funds from overseas trust).

Accordingly, this Court has jurisdiction to enter any such order necessary to aid in the enforcement, execution, and collection of Defendant Kelly's unpaid judgment debt. This includes the authority to order Defendant Kelly to repatriate his assets held in Liechtenstein up to the amount he owes under the Final Judgment, together with all continuing interest and penalty accruals, as well as the 10% surcharge under § 3011. *United States v. Pioch*, 5 F.4th 640 (6th Cir. 2021).

## IV.    CONCLUSION

Accordingly, for the reasons articulated above, Defendant's Motion for Stay and Waiver of Bond [#66] is GRANTED IN PART and DENIED IN PART.

Plaintiff's Motion for an Order to Repatriate Foreign Assets [#69] is GRANTED.

The Clerk is ORDERED to issue the attached Notice by signing it and affixing the Court seal in the same manner as with a summons.

The Government SHALL serve the executed Notice on Defendant Kelly and his counsel.

The Government SHALL also submit a Proposed Amended Order Requiring Defendant Kelly to Repatriate Foreign Assets, which shall include the additional statutory accruals, from August 1, 2023 through October 31, 2023, no later than November 1, 2023.

SO ORDERED.

Dated:  October 23, 2023                    /s/Gershwin A. Drain
                                           GERSHWIN A. DRAIN
                                           United States District Judge


CERTIFICATE OF SERVICE

Copies of this Opinion and Order were served upon attorneys of record by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                  Case No.: 21-12570

v.                                  Hon. Gershwin A. Drain

JAMES J. KELLY, JR.,

        Defendant.

_____/

## CLERK'S NOTICE OF POST JUDGMENT REPATRIATION ORDER AND INSTRUCTIONS TO JUDGMENT DEBTOR JAMES J. KELLY, JR.

    To:  James J. Kelly, Jr.
          2168 Highbury Drive
          Troy, Michigan 48085

    -and-

          Charles Haas
          33680 Five Mile Road
          Livonia, MI 48154

    YOU ARE HEREBY NOTIFIED that your property being held outside the

United States, including your non-exempt funds currently being held by Sora Bank

AG, formerly known as Bank Alpinum AG (account ending 1392), located in

Liechtenstein, are subject to repatriation requested by the United States of

America, which has a judgment against you in the amount of $929,904.94, plus

statutory additions from October 26, 2022, plus a surcharge of 10 percent of the

debt owed in accordance with 28 U.S.C. § 3011, in the above-referenced civil

action. The judgment is for unpaid civil penalties imposed pursuant to

31 U.S.C. § 5321(a)(5) for the willful failure to submit timely and accurate Reports

of Foreign Bank and Financial Accounts ("FBARs") for 2013, 2014, and 2015.

YOU ARE FURTHER NOTIFIED that there are exemptions under the law

that may protect some of your property from being taken by the United States if

you can show the exemptions apply. A summary of major exemptions that apply in

most circumstances is set forth on the attached List of Exemptions. This list is non-

exhaustive, and you should seek legal advice if you believe additional exemptions

apply.

YOU ARE ALSO NOTIFIED that any objection must be filed in writing

within twenty (20) days after you receive this notice, and you must state the

grounds for the objection. If you want a hearing, you must notify the Court within

20 days after receipt of this notice. Any objection or request for a hearing must be

made in writing, and either mailed or delivered in person to:

**U.S District Court for the Eastern District of Michigan**
**Office of the Clerk**
**231 W. Lafayette Blvd., Room 599**
**Detroit, MI 48226**

and reference Case No. 2:21-cv-12570, or your attorneys may use the Court's

CM/ECF system. You must also send a copy of your objection and request for a

hearing to the United States at:

**Mary A. Stallings**
**Trial Attorney, Tax Division**
**U.S. Department of Justice**
**Ben Franklin Station, P.O. Box 55**
**Washington, DC 20044**

The hearing will take place within 10 days after the Court receives your request or as soon after that as is practicable. At the hearing you may explain to the judge why you believe the property is exempt or why repatriation is otherwise inappropriate.

If you live outside the federal judicial district in which the Court is located, you may request, not later than twenty (20) days after you receive this notice, that this proceeding be transferred by the Court to the federal judicial district in which you reside. You must make your request in writing, and either mail it or deliver it in person to the Clerk of the Court for the Eastern District of Michigan, 231 W. Lafayette Blvd., Room 599, Detroit, MI 48226.  You must also send a copy of your request to Mary Stallings, Trial Attorney, Department of Justice, Tax Division, P.O. Box. 55, Ben Franklin Station, Washington, D.C. 20044, to notify the United States of your desire to transfer the proceeding.

Be sure to keep a copy of this notice for your own records.  If you have any questions about your rights or about this procedure, you should contact a lawyer, an office of public legal assistance, or the Clerk of Court. The Clerk is not

permitted to give you legal advice but can refer you to other sources of

information.

Dated: _____          /s/
                                        Clerk of Court
                                        Eastern District of Michigan

## <u>LIST OF EXEMPTIONS</u>

Pursuant to 28 U.S.C. § 3014(a), an individual debtor may elect to exempt

property that is either:

(1) property that is specified in section 522(d) of title 11, United States Code, as

amended from time to time;

or

(2) (A) any property that is exempt under federal law, other than paragraph (1), or

state or local law that is applicable on the date of the filing of the application for a

remedy under this chapter at the place in which the debtor's domicile has been

located for the 180 days immediately preceding the date of the filing of such

application, or for a longer portion of such 180-day period than in any other place;

and

(B) any interest in property in which the debtor had, immediately before the filing

of such application, an interest as a tenant by the entirety or joint tenant, or an

interest in a community estate, to the extent that such interest is exempt from

process under applicable non-bankruptcy law.

Below is a summary of the major exemptions which apply in most situations

in the State of Michigan.

Please note that the descriptions below are summaries of complicated

statutes.  Also, the list provided includes important exemption claims, but may not

include exemptions applicable in unusual situations or to your case.  You should

refer to applicable law for complete descriptions of the provisions set out below

and for other laws that may apply in your situation.

The law of the State where you have been domiciled the greater part of the

last 180 days governs your right to exemptions.

### **Bankruptcy Code Exemptions as listed in 11 U.S.C. § 522(d), adjusted for inflation effective April 1, 2022, pursuant to 11 U.S.C. § 104.**

1. The debtor's aggregate interest, not to exceed $27,900 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor. 11 U.S.C. § 522(d)(1).

2. The debtor's interest, not to exceed $4,450 in value, in one motor vehicle. 11 U.S.C. § 522(d)(2).

3. The debtor's interest, not to exceed $700 in value in any particular item or$14,875 in aggregate value, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor. 11 U.S.C. § 522(d)(3).

4. The debtor's aggregate interest, not to exceed $1,875 in value, in jewelry held primarily for the personal, family, or household use of the debtor or a dependent of the debtor. 11 U.S.C. § 522(d)(4).

5. The debtor's aggregate interest in any property, not to exceed in value $1,475 plus up to $13,950 of any unused amount of the exemption provided under paragraph (1) of this subsection. 11 U.S.C. § 522(d)(5).

6. The debtor's aggregate interest, not to exceed $2,800 in value, in any implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor. 11 U.S.C. § 522(d)(6).

7. Any un-matured life insurance contract owned by the debtor, other than a credit life insurance contract. 11 U.S.C. § 522(d)(7).

8. The debtor's aggregate interest, not to exceed in value $14,875 less any amount of property of the estate transferred in the manner specified in section 542(d) of this title, in any accrued dividend or interest under, or loan value of, any un-matured life insurance contract owned by the debtor under which the insured is the debtor or an individual of whom the debtor is a dependent. 11 U.S.C. § 522(d)(8).

9. Professionally prescribed health aids for the debtor or a dependent of the debtor. 11 U.S.C. § 522(d)(9).

10. 10. The debtor's right to receive ---
    (A)      a social security benefit, unemployment compensation, or a local public assistance benefit;
    (B)      a veterans' benefit;
    (C)      a disability, illness, or unemployment benefit;
    (D)      alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;
    (E)a payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless----
    (i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;
    (ii)such payment is on account of age or length of service; and
    (iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), or 408 of the Internal Revenue Code of 1986.

11 U.S.C. § 522(d)(10).

11.   The debtor's right to receive, or property that is traceable to ---
(A) an award under a crime victim's reparation law;
(B) a payment on account of the wrongful death of an individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;
(C) a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent on the date of such individual's death, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;
(D) a payment, not to exceed $27,900, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or
(E) a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

12. Retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986. 11 U.S.C. § 522(d)(12).

## OR

## State Exemptions

Unless otherwise noted, all law references below are to the Michigan Compiled Laws Annotated. This list is not exhaustive of all exemptions under M.C.L.A. § 600.5451(1).

1.    Family pictures; arms and accoutrements; wearing apparel (excluding furs); cemeteries, tombs, and rights of burial; and professionally prescribed health aids. M.C.L.A. § 600.5451(1)(a).

2.      Provisions and fuel for comfortable subsistence of each householder and his or her family for 6 months. M.C.L.A. § 600.5451(1)(b).

3.      The debtor's interest, not to exceed a value of $450 in each item and an aggregate value of $3,000, in household goods, furniture, utensils, books, appliances, and jewelry. M.C.L.A. § 600.5451(1)(c).

4.      The debtor's interest, not to exceed $500 in value, in a seat, pew, or slip occupied by the debtor or the debtor's family in a house or place of public worship. M.C.L.A. § 600.5451(1)(d).

5.      The debtor's interest, not to exceed $2,000 in value, in crops, farm animals, and feed for the farm animals. M.C.L.A. § 600.5451(1)(e).

6.      The debtor's interest, not to exceed, $500 in value, in household pets. M.C.L.A. § 600.5451(1)(f).

7.      The debtor's interest, not to exceed $2,775 in value, in 1 motor vehicle. M.C.L.A. § 600.5451(1)(g).

8.      The debtor's interest, not to exceed $500 in value, in 1 computer and its accessories. M.C.L.A. § 600.5451(1)(h).

9.      The debtor's interest, not to exceed $2,000 in value, in the tools, implements, materials, stock, apparatus, or other things to enable a person to carry on the profession, trade, occupation, or business in which the person is principally engaged. M.C.L.A. § 600.5451(1)(i).

10.     Money or other benefits paid, provided, allowed to be paid or provided, or allowed, by a stock or mutual life, health, or casualty insurance company because of the disability due to injury or sickness of an insured person, whether the debt or liability of the insured person or beneficiary was incurred before or after the accrual of benefits under the insurance policy or contract, except that this exemption does not apply to actions to recover for necessities contracted for after the accrual of the benefits. M.C.L.A. § 600.5451(1)(j).

11.     All individual retirement accounts, including Roth IRAs, or individual retirement annuities as defined in section 408 or 408(a) of the internal revenue code, 26 USC 408 and 408(a), and the payments or distributions from those accounts or annuities.  This exemption applies to the operation of the federal bankruptcy code as permitted by section 522(b) of the bankruptcy code, 11 USC 522. This exemption does not apply to the amount contributed to an individual retirement account or individual retirement annuity within 120 days before the debtor files for bankruptcy. M.C.L.A. § 600.5451(1)(k).

12.     The right or interest of a person in a pension, profit-sharing, stock bonus, or other plan that is qualified under section 401 of the internal revenue code, 26 USC 401, or an annuity contract under section 403(b) of the internal revenue code, 26 USC 403, if the plan or annuity is subject to the employee retirement income

security action of 1974, Public Law 93-406, 88 Stat. 829.  M.C.L.A. §

600.5451(1)(l).

13.     The debtor's interest, the codebtor, if any, and the debtor's dependents, not

to exceed $30,000 in value or, if the debtor or a dependent of the debtor at the time

of the filing of the bankruptcy petition is 65 year of age or older or disabled, not to

exceed $45,000 in value, in a homestead. M.C.L.A. § 600.5451(1)(m).

**AND**

**Federal Law Exemptions**

1.   Certain wages and compensation:

Longshoremen's and harbor workers' compensation, 33 U.S.C. § 916. Injury

or death resulting from war-risk hazard, 42 U.S.C. § 1717.

2.  Social Security benefits, 42 U.S.C. § 407.

3.  Certain retirement funds and accounts:

Civil Service, 5 U.S.C. § 8346(a).
Foreign Service, 22 U.S.C. § 4060(c).
Railroad Retirement, 45 U.S.C. § 231m.
Judges' widows' annuities, 28 U.S.C. § 376(n).

4.     Certain veteran and armed forces benefits:

Laws administered by the Veterans Administration, 38 U.S.C. § § 1970 and 5301.

Armed Forces Survivor Benefit Plan, 10 U.S.C. § 1450(i).2.
Savings deposited with armed forces, 10 U.S.C. § 1035(d).
Medal of Honor Roll Special Pension, 38 U.S.C. § 1562(c).

5.     Miscellaneous:

Property of a foreign state, 28 U.S.C. § § 1609, 1611.
Rail Fund, 45 U.S.C. § 822(e).

## **AND**

Any interest in property in which the debtor had, immediately before the filing of
such application, an interest as a tenant by the entirety or joint tenant, or an interest
in a community estate, to the extent that such interest is exempt from process under
applicable non-bankruptcy law.