UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

      Case No.: 21-cv-12570
      Hon. Gershwin A. Drain

JAMES J. KELLY, JR.,

      Defendant.
_____/

**ORDER ADJUDGING DEFENDANT IN CONTEMPT OF COURT, IMPOSING DAILY FINE AND ISSUING BENCH WARRANT**

**I.    INTRODUCTION**

On May 2, 2023, this Court entered judgment in favor of Plaintiff United States of America and against Defendant James J. Kelly, Jr. in the amount of $929,904.94, plus statutory additions from and after October 26, 2022 for unpaid civil FBAR penalties for tax years 2013 through 2015. On October 23, 2023, this Court entered an Opinion and Order Granting Plaintiff's Motion for Order to Repatriate. The Court entered an Amended Opinion and Order on October 24, 2023 ordering Defendant to forthwith repatriate assets overseas in the amount to satisfy the Outstanding Debt ($1,102,506.48) into a United States bank account in the State of Michigan over which this Court has jurisdiction, inform counsel for the

Plaintiff of the name and address of the bank and the complete bank account number and notify the Court of his compliance by November 23, 2023. (First Repatriation Order, ECF No. 82). Thereafter, on November 28, 2023, the Court entered an Order Denying Defendant's Request for a Stay and Requiring Defendant to Repatriate Funds No Later than December 1, 2023. (Second Repatriation Order). The Court's Order advised that, "[f]ailure to comply with this Order or any Orders of this Court shall result in the imposition of sanctions." (Id.) To date, Defendant has not complied with either the First Repatriation Order or the Second Repatriation Order.

Now before the Court is the Plaintiff's Motion for an Order to Show Cause Why Defendant Should Not Be Held in Contempt. On December 7, 2023, the Court entered an Order for Defendant to Show Cause Why He Should Not Be Held in Contempt. Defendant filed a Response to the Show Cause Order on December 18, 2023, and the Plaintiff filed a Reply on December 27, 2023.

For the reasons discussed below, the Court grants the Plaintiff's Motion to the extent that Defendant is adjudged in contempt of court. As such, an arrest warrant shall issue for Defendant James J. Kelly, Jr. and a daily fine shall be imposed until such time as he fully complies with this Court's First Repatriation Order and Second Repatriation Order.

2

## II. LAW & ANALYSIS

Courts possess "inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966) (citation omitted). The purpose of civil contempt is "to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947).

The party seeking a contempt order must establish by clear and convincing evidence that (1) a court order existed that the adversary was aware of, and (2) the adversary violated the order's terms. *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987). Once it is clearly established that a litigant knowingly violated a court order, the litigant is guilty of civil contempt unless he shows that he was unable to comply with the order. *United States v. Rylander*, 460 U.S. 752, 757 (1983).

To meet his production burden, the contemnor "must show categorically and in detail why he . . . is unable to comply with the court's order. *Cernelle v. Graminex, LLC*, 437 F. Supp.3d 574, 601 (E.D. Mich. 2020). "When evaluating a defendant's failure to comply with a court order, [the Court] . . . considers" not whether the defendant made a good faith effort at compliance but "whether the defendant took all reasonable steps within his power to comply with the court's

order." *Elec. Workers Pension Fund of Local Union #58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003); *Glover v. Johnson*, 934 F.2d 703, 708 (6th Cir. 1991).

Monetary fines payable to the court and incarceration are appropriate sanctions for civil contempt. *United States v. Bayshore Assocs., Inc.*, 934 F.2d 1391, 1400-01 (6th Cir. 1991). When considering the amount of a contempt fine, courts should "consider the amount of the defendant's financial resources and the consequent seriousness of the burden to that particular defendant." *Mine Workers*, 330 U.S. at 304. A daily fine that terminates once the contemnor complies with the original order is an appropriate civil fine, whereas a "flat, unconditional fine" may be seen as a criminal contempt sanction. *Downey v. Clauder*, 30 F.3d 681, 685 (6th Cir. 1994). A defendant can avoid paying the monetary fine and incarceration "by performing the act required by the court's order." *Id*. (citing *Roe v. Operation Rescue*, 919 F.2d 857, 868 (3d Cir. 1990); *Hicks v. Feiock*, 485 U.S. 624, 632 (1988)). Once the contemnor complies with the terms of the original order, he must be released from incarceration. *Bayshore Assocs.*, 934 F.2d at 1400.

In this case, the Plaintiff has demonstrated with clear and convincing evidence that Defendant knew about this Court's Repatriation Orders and violated those orders by failing to repatriate his funds into a bank in Michigan over which this Court has jurisdiction. Defendant's knowledge of the Repatriation Orders is

4

evident from his filings before the Court and the Sixth Circuit Court of Appeals. After the Court issued its First Repatriation Order, Defendant filed a summary Objection claiming some of the funds subject to the First Repatriation Order were exempt. *See* ECF No. 83. Before the Court could address Defendant's objection, he withdrew his objection on November 28, 2023. Additionally, two days after the Court issued its Second Repatriation Order, Defendant moved for a stay in the Sixth Circuit Court of Appeals. In his motion before the Sixth Circuit, Defendant acknowledged both the First Repatriation Order and the Second Repatriation Order and admitted that he "retains an overseas account with assets in the amount of $1,407,223." As of the date of this Order, Defendant has yet to repatriate his Outstanding Debt as required by this Court's Orders.

Because the Government has met its burden by clear and convincing evidence, Defendant is guilty of civil contempt. The burden now shifts to Defendant to "show categorically and in detail why he . . . is unable to comply with the court's order. *Cernelle,* 437 F. Supp.3d at 601. Here, Defendant has failed to show he took any "reasonable steps within his power to comply with the court's order[s]." *Gary's Elec.*, 340 F.3d at 379.

In his Response, Defendant argues that he should not be held in contempt for violating the Repatriation Orders because he has otherwise complied with the Court's other orders, including the stipulated preliminary injunction and the

5

Court's recent order for him to surrender his passport. This is not the standard. He must show he has taken all reasonable steps within his power to comply with this Court's Repatriation Orders, not demonstrate compliance with other orders of this Court. In any event, the stipulated preliminary injunction was a form of relief to which Defendant voluntarily consented and was not ordered by the Court over his objection.

    Defendant also asserts that "it is expensive to liquidate the positions in the account." This does not show Defendant is unable to comply with this Court's Repatriation Orders, it merely shows he does not want to comply. He has not provided any evidence detailing the purported liquidation expenses. The record before the Court reveals that Defendant has sufficient funds with which to cover any expense associated with liquidating his account and complying with this Court's Repatriation Orders.

    Moreover, to the extent Defendant suggests his failure to comply with this Court's orders can be excused by his notice of appeal and motion for stay and waiver of bond, such a suggestion is wholly without merit. Both this Court and the Sixth Circuit have denied Defendant's motions for a stay and waiver of bond pending appeal. Defendant also maintains that he is attempting to get a bond, but his attempt to do so is flagrantly past due. This Court provided Defendant with a November 15, 2023 deadline within which to file a motion for a supersedeas bond,

which he argues was not enough time to get one. To the contrary, if Defendant was legitimately seeking a bond, he could have moved to enlarge the November 15, 2023 deadline to ensure his compliance with this Court's Repatriation Orders. Indeed, this Court advised during a December 7, 2023 status hearing that the time for seeking a bond has long since passed and his alleged efforts at this late stage do not excuse his refusal to comply with the Repatriation Orders. Defendant has taken no steps to comply with this Court's Repatriation Orders.

    Defendant fails to address the civil contempt sanctions requested by the Plaintiff–a monetary fine and imprisonment. Rather, Defendant inexplicably cites to Rule 37 of the Federal Rules of Civil Procedure and a host of inapposite cases applying a four-factor test relating to discovery sanctions. The standard for a civil contempt finding is not commensurate with discovery sanctions under Rule 37.

    Here, the Court finds that combination of a daily, monetary fine plus incarceration are appropriate given Defendant's defiance and failure to take any steps to comply with the Repatriation Orders. Defendant has sufficient financial resources overseas to repatriate funds to satisfy the judgment and pay the daily fine. Incarceration in addition to the daily fine is warranted in this case because Defendant will likely be unmoved to comply with this Court's Repatriation Orders by the imposition of a daily fine based on his contumacious conduct before the Court. Defendant has had plenty of time to repatriate his Outstanding Debt to a

bank located in Michigan. His further attempt to delay by attending the hearing with a letter purportedly addressed to the bank in Liechtenstein is too little too late. Defendant can avoid both the daily fine and imprisonment if he complies with the Repatriation Orders.

### III. CONCLUSION

Defendant is hereby adjudged in contempt of this Court for his failure to comply with this Court's Repatriation Orders (ECF Nos. 82 and 88).

Defendant is subject to a daily fine of $100.00 payable to the Clerk of the Court. Defendant's daily fine shall commence on January 5, 2024 until such time as he fully complies with the Court's October 24, 2023 and November 28, 2023 Repatriation Orders.

An arrest warrant shall issue for Defendant James J. Kelly, Jr. on January 5, 2024 if he fails to self-surrender to the United States Marshals Service **by noon on January 5, 2024**.

Upon arrest, Defendant Kelly shall be incarcerated until such time as he fully complies with the Court's October 24, 2023 and November 28, 2023 Repatriation Orders.

SO ORDERED.

Dated:  January 3, 2024                                /s/Gershwin A. Drain
                                                       GERSHWIN A. DRAIN
                                                       United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 3, 2024, by electronic and/or ordinary mail.
s/ Lisa Bartlett
Case Manager