UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff(s),

                                Case No. 21-12570

vs.

                                HON. GERSHWIN A. DRAIN

JAMES J. KELLY, JR.

        Defendant(s).

## ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM CUSTODY

### I. INTRODUCTION

Now before the Court is Defendant James J. Kelly's Motion for Relief from Custody, filed on May 16, 2024. The Government filed a Response on May 22, 2024. Upon review of the parties' submissions, the Court finds that oral argument will not aid in the resolution of this matter. The Court will therefore resolve the present matter on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, Defendant's Motion for Relief from Custody will be denied.

### II. FACTUAL BACKGROUND

On October 23, 2023, the Court entered an Opinion and Order (as

amended on October 24, 2023) granting Plaintiff's Motion for Order to Repatriate requiring Defendant to repatriate assets held overseas in the amount of $1,102,506.48. After Defendant failed to comply with the first repatriation order, the Court entered a second repatriation Order Requiring Defendant to Repatriate Funds No Later than December 1, 2023.

On January 3, 2024, the Court entered an Order adjudging Defendant in contempt of court, imposing a daily fine, and issuing a bench warrant. Defendant thereafter fled. On February 20, 2024, the United States Marshals' Service apprehended Defendant pursuant to the arrest warrant.

In March of 2024, Sora Bank entered into bankruptcy proceedings. Under Lichtenstein law, Defendant's liquid assets were insured up to CHF 100,000, which has since been repatriated to the United States at Defendant's Huntington Bank account. The remaining liquid funds in Defendant's Sora Bank account (approximately CHF 863,287.14 cash) are now subject to Lichtenstein bankruptcy proceedings. The account also consists of securities valued at CHF 370,000 ($406,000 USD).

2

### III. LAW & ANALYSIS

The purpose of a civil contempt proceeding is to "[s]ecure compliance with judicial decrees." *United States v. Mitchell*, 556 F.2d 371, 383 (6th Cir. 1977). The Sixth Circuit test for judging compliance is whether the contemnor took all reasonable steps within his or her power to comply with the court's order. *Glover v. Johnson*, 934 F.2d 703, 708 (6th Cir. 1991) (citing *Peppers v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989)). "Other than a showing of impossibility of compliance, nothing short of substantial compliance, as measured under the Peppers test, will suffice to purge contempt for noncompliance with a court order." *United States v. State of Tenn.*, 925 F. Supp. 1292, 1302 (W.D. Tenn. 1995).

Defendant first argues that because of the Sora Bank bankruptcy, it may be impossible for him to comply with the Court's order beyond the $107,000 transferred into his Huntington Bank account. However, more than mere speculation is needed to establish a defense of impossibility to civil contempt proceedings. To establish a defense of impossibility, the contemnor "[m]ust show categorically and in detail why he or she is unable to comply with the court's order." *Cernelle v.*

*Graminex, LLC*, 437 F. Supp. 3d 574, 600-01 (E.D. Mich. 2020) (internal citation omitted).

    Defendant has not met his burden to show compliance with this Court's orders is impossible.  Although the remaining cash deposits are subject to the ongoing bankruptcy proceedings, the record reflects that there are no similar restrictions on Defendant's ability to transfer or liquidate the securities in his Sora Bank account.  Defendant argues that the foreign securities, "while technically transferrable," remain subject to the bankruptcy liquidator's sole discretion.  ECF No. 120, PageID.1486.  However, Defendant submitted an April 25, 2024 email from Sora Bank which states that: "The bank liquidator also is in charge for the transfer of securities, if your father has a custody account. Securities kept in a custody account at Sora Bank AG i.k. remain property of the client. The client can request securities from the Bank and have them transferred to another bank or investment firm." ECF No. 116, PageID.1420.  Additionally, an April 4, 2024 email from Sora Bank indicates that in order to initiate a transfer of the owner's securities, "we recommend to contact the bank liquidator directly with the email/phone information indicated on the bank's website."  ECF No.

4

116, PageID.1417.

Despite these Sora Bank emails, Defendant has failed to take any steps to request the transfer based on assumptions made about whether the liquidator will cooperate. See ECF No. 120, PageID.1483 ("While Kelly can request repatriation of these assets, the ultimate decision to transfer the assets to a domestic account rests in the sole discretion of a foreign bankruptcy liquidator.") Defendant has not submitted any forms to the bank liquidator for the sale or transfer of the securities, even though he was directed to contact the bank liquidator to initiate a transfer in early April of this year.

Defendant also argues that he cannot open a domestic brokerage account due to his status as a felon. However, Defendant offers no evidence in support of this contention. He has not shown what efforts he has taken to open an account at any of the U.S. brokerage firms and banks or that his efforts have been uniformly rejected by those institutions because of his criminal history. Even if Defendant could establish his criminal past is a barrier to opening a U.S. brokerage account, nothing prevents Defendant from first liquidating the securities and repatriating the proceeds to his Huntington Bank

5

account. Thus far, it appears that Defendant has inquired only about a transfer of the securities to the United States, not their sale and transfer of the proceeds to a bank in the United States.

## IV. CONCLUSION

Accordingly, because Defendant has failed to present evidence proving that he cannot comply with this Court's repatriation orders, the Court DENIES Defendant's Motion for Relief from Custody [#120].

SO ORDERED.

Dated: May 28, 2024 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

## CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 28, 2024, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager